IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID J. ANDERSON, | ) | |
| Petitioner, | ) | 4:05cv3199 |
| vs. | ) | ORDER on INITIAL REVIEW |
| ROBERT HOUSTON[1], | ) | |
| Respondent. | ) | |

This matter is before the court for initial review of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition") filed by the petitioner, David J. Anderson, a prisoner who is represented by counsel.  28 U.S.C. § 2254 affords habeas corpus relief to "a person in custody pursuant to the judgment of a State court [who] is in custody in violation of the Constitution or laws ... of the United States."  Id. § 2254(a).

Also before the court is filing no. 3, the Motion for Summary Judgment in which the petitioner seeks a default judgment because the respondent has not yet answered the § 2254 petition. However, because the petitioner is a prisoner, the respondent is not required, or even permitted, to respond to the § 2254 petition until initial review by the court has been completed.  See Rule 4 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, which states:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. **If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.** In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

(Emphasis added.)  Thus, the respondent has not defaulted, and filing no. 3 is denied.

**Initial Review**

---

[1] The court sua sponte substitutes Robert Houston, Director of the Nebraska Department of Correctional Services ("DCS"), as the respondent in this case. The petitioner is incarcerated in a DCS institution.

The petitioner alleges violations of his civil rights in connection with his arrest and return to custody in January of 2005, after he had been released from custody, apparently in error, in July of 2003. The petitioner cites Nebraska case law to the effect that the prison sentence continued to run while he was at liberty, so that the sentence has now expired, and there remains no legal basis to hold the petitioner.

On initial review of the § 2254 petition, the court provisionally finds that summary dismissal under Rule 4 of the *§ 2254 Rules* is not required and that the respondent shall answer or otherwise respond to the § 2254 petition. However, among the matters raised in such response, the respondent shall address whether the petitioner has exhausted his state judicial remedies and whether, if not, the petitioner retains any available procedure(s) to do so in the state courts of Nebraska.

IT IS THEREFORE ORDERED:

1. That the Clerk of Court shall mail copies of the § 2254 petition to the respondent and to the Nebraska Attorney General by regular first-class mail;

2. That, by October 14, 2005, the respondent shall file an Answer to the § 2254 petition on the merits of the claims and any affirmative defenses, in the manner contemplated by Rule 5 of the *Rules Governing Section 2254 proceedings in the United States District Courts*, as amended effective December 1, 2004, **or** the respondent may, in his discretion, limit his response to affirmative defense(s) by filing a motion for summary judgment pursuant to Fed. R. Civ. P. 56(b), which states:

> (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof;

3. That, whether the respondent files an answer or a motion for summary judgment, the respondent shall also file with the court and serve on the petitioner a pleading entitled Designation of Relevant State Court Records;

4. That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with the court at the time the Designation of Relevant State Court Records is filed;

5. That if the respondent elects to file a motion for summary judgment, copies of all records designated and filed in support of the motion shall also be served on the petitioner's attorney;

6. That, whether the respondent files an answer or a motion for summary judgment, the petitioner may reply within 30 days thereafter; and

7.	That filing no. 3, the petitioner's Motion for Summary Judgment, is denied.

DATED this 21st day of September, 2005.

>	BY THE COURT:
>
>	s/Laurie Smith Camp
>	Laurie Smith Camp
>	United States District Judge